12-3899-cv
*Vento v. Handler, Thayer & Duggan, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand fourteen

PRESENT:
GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

---

RICHARD G. VENTO, LANA VENTO, GAIL VENTO, RENEE VENTO, NICOLE MOLLISON,

    *Plaintiffs-Appellants,*

            v.                                              No. 12-3899-cv

HANDLER, THAYER & DUGGAN, LLC, HANDLER THAYER, LLP, DUGGAN BERTSCH, THOMAS HANDLER, STEVEN THAYER, JAMES DUGGAN,

    *Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**                  Alan R. Feuerstein, Mark E.
                                                Guglielmi, Feuerstein & Smith LLP,
                                                Buffalo, NY.

1

**FOR DEFENDANTS-APPELLEES:**                        Richard A. Del Giudice, Gozdecki,
Del Giudice, Americus & Farkas,
LLP, Chicago, IL.

Appeal from a September 17, 2012 Order, and November 25, 2013 Order, of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Appellants Richard G. Vento and other members of his family ("the Ventos") appeal from an order of the District Court denying their motion to quash a subpoena served by appellees on Morgan Stanley Smith Barney and Irwin Crawford ("MSSB"), issued by the District Court for the Southern District of New York. The District Court further denied the Ventos' motion for reconsideration on November 25, 2013. The Ventos sought to quash the subpoena on the basis that compliance by MSSB would necessarily lead to disclosure of documents protected by the attorney-client privilege. The subpoena was sought in conjunction with the Ventos' pending action against appellees in the United States District Court for the Virgin Islands, asserting claims of, *inter alia*, attorney malpractice, fraud, and racketeering. MSSB is not a party to that action, but played a role in the financial transactions—and the alleged monetary losses to the Ventos—that form the basis of the Ventos' claims against appellees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Under traditional finality principles, a district court's decision to compel compliance with a subpoena or to deny a motion to quash a subpoena is generally not a 'final decision' and therefore is not immediately appealable." *In re Air Crash at Belle Harbor, New York on November 12, 2001*, 490 F.3d 99, 104 (2d Cir. 2007) (internal quotation marks omitted). The Ventos argue that we have jurisdiction to consider their challenge to the discovery order pursuant to the "collateral order doctrine," which, they assert, allows for appellate review of District Court discovery orders where the party challenging the order can show "persistent disregard of the Rules of Civil Procedure" or "manifest abuse of discretion" by the District Court. Appellants' Br. at 3 (internal quotation marks omitted).

We disagree with this reasoning, but we agree that we have jurisdiction to consider their challenge. *See In re Air Crash at Belle Harbor, New York on November 12, 2001*, 490 F.3d at 106 ("[T]he holder of an asserted privilege may immediately appeal the enforcement of a subpoena when the subpoena is directed at another person who does not object to providing the testimony or documents at issue."); *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 575 (2d Cir. 2005) ("[W]here a subpoenaed third-party witness does not object to testifying, but someone else does—often on grounds of privilege—a district court's refusal to quash the subpoena is immediately appealable by the objecting party.").

We review the denial of a motion to quash a subpoena, and of a motion for reconsideration, for abuse of discretion. *See In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 68 (2d Cir. 2003)

(motion to quash a subpoena); *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir. 1998) (motion for reconsideration).

The District Court held that the Ventos' motion to quash the subpoena was without merit, because they failed to show that any documents subject to the attorney-client privilege would be implicated by a subpoena directed to MSSB, which is not a law firm, or to Mr. Crawford, who is not a lawyer. The Court also held that if communications between the Ventos and defendant Handler, a lawyer, are produced pursuant to the subpoena, any privilege was likely waived when the Ventos asserted claims of attorney malpractice against him. Finally, the Court held that the Ventos' contentions that the subpoena is overbroad were unsupported.

Upon a review of the record, we conclude that the District Court acted within its discretion in denying the motion to quash and the motion for reconsideration.

## CONCLUSION

We have considered all of the Ventos' arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk